Dear Ms. Edwards:
Your correspondence to this office requests our opinion regarding whether local option elections held in Livingston Parish in wards which prohibited the sale of alcoholic beverages remain valid now that the parish has converted to a home rule charter and election districts, when no local option election has been held in the newly created election districts.
We requote the facts as set forth in your correspondence. In 1940, the voters of Livingston Parish permitted the business of selling or dealing in or with alcoholic or intoxicating liquors within the parish after a special election called for that purpose. Subsequently, and under the old "police jury ward system," various wards within the parish prohibited the sale of alcoholic beverages pursuant to local option elections held under La. R.S. 26:582(1). These elections were held in 1975.
In 1996, Livingston Parish adopted a home rule charter and changed its plan of government from the police jury to the president-parish council form of government. The council consists of nine council members elected from single-member districts and an elected president. The council districts were created through reapportionment and do not correspond to the former wards. The wards were not abolished per se, but they are relegated to service as tax wards. No local option elections have been held in any of the nine newly created council districts.
R.S. 26:583 states, in part:
 583. Effect of merger
 A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
In Sabine Parish Police Jury vs. Commissioners of Alcohol TobaccoControl, 898 So. 2d. 1244 (LA 2005), and interpreting R.S. 26:583 quoted above, the Supreme Court determined that a formerly dry ward that merged into a new election district took on the sales characteristics of the newly created election district, which was deemed "wet" in its entirety, given that there had never been a local option election in the election district prohibiting the sale of alcoholic beverages.
We agree with your legal assessment as stated in your correspondence. Since the factual circumstances in Livingston Parish are the same as those considered in the Sabine case, supra, the holding of the case is applicable. The provisions of R.S. 26:563 as interpreted by the Louisiana Supreme Court dictate that a ward, or portion thereof, must take on the local option sales characteristics of the election district which it comprises after parish restructuring.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg